IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANKLIN WRIGHT,<br><br>                    Plaintiff,<br><br>         v.<br><br>ANTHONY DICAMPLI, ADRIAN ESCARCEGA GARCIA, HUBERT MORRIS, and REESE CLARK,<br><br>                    Defendants. | Civil Action No. 23-760-CFC |

Franklin Wright, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro se* Plaintiff

Lorin Huerta, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware

   *Counsel for Defendants*

**MEMORANDUM OPINION**

March 13, 2026
Wilmington, Delaware

*[signature]*
COLM F. CONNOLLY
CHIEF JUDGE

Defendants Sergeant Anthony DiCampli, Corporal Hubert Morris, and Corporal Adrian Escarcega Garcia (collectively, the Tier Staff Defendants) and Officer Reese Clark[1] have moved for summary judgment on *pro se* Plaintiff Franklin Wrights's claims for damages under 42 U.S.C. § 1983 and a related state law tort claim. D.I. 29.[2] Defendants are correctional officers at the James T. Vaughn Correctional Center (JTVCC). Wright, a prisoner at the facility, bases his § 1983 claims on alleged violations of the Eighth and Fourteenth Amendments of the United States Constitution.[3]

---

[1] Counsel for Defendants identified Clark as the "John Doe unit 18 4 to 12 booth officers" named in the Complaint. D.I. 9.

[2] The Complaint contains allegations and claims for injunctive relief against other individuals, but on April 17, 2024, I issued an order dismissing all claims against all the other defendants. *See* D.I. 8 at 1. The Tier Staff Defendants and Officer Clark are thus the only remaining defendants in this case, and face only claims for damages.

[3] The Eighth Amendment's prohibition on cruel and unusual punishment applies to the states via the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 667 (1962).

I.  **BACKGROUND**

A.  **The Verified Complaint**

The Verified Complaint, sworn by Wright under penalty of perjury, alleges that correctional officers at JTVCC failed to protect him from beatings by fellow inmates in December 2022 and June 2023. D.I. 1.

On December 3, 2022, Wright "had a disagreement with his cellmate," who then pushed him into his cell and physically assaulted him. D.I. 1 ¶¶ 19–20. When the Tier Staff Defendants came to lock down the cell tier for the evening, Wright expressed his fear of further assault and asked if he had to go in the cell. D.I. 1 ¶¶ 25–28. Sergeant DiCampli ordered Wright into his cell, and the cellmate assaulted Wright again upon his entrance. D.I. 1 ¶¶ 29–30. "While [Wright was] defending himself from assault[,] staff sprayed [Wright] and his cellmate. Both [prisoners] were removed off the tier." D.I. 1 ¶ 31.

On June 28, 2023, Wright was physically attacked by his "recreation partner," with whom he was locked in a room directly in front of a camera-monitoring booth then staffed by Officer Clark. D.I. 1 ¶¶ 46–48, 62, 75. Wright's cries for help went unanswered for twenty to thirty minutes, even as his assailant took two breaks between bouts of beating him. D.I. 1 ¶¶ 51–57, 62. When officers eventually walked down the hall, they responded to Wright's pleas for help, stopped the beating, and took Wright to medical care. D.I. 1 ¶¶ 63–65.

Wright seeks compensatory and punitive damages. D.I. 1 at 19–20. Paragraph 68 of his Complaint states, in full, that "[t]he plaintiff has exhausted his administrative remedies available to him with respect to all claims and defendants." D.I. 1 ¶ 68.

### B. Defendants' Record Evidence

Defendants submitted as evidence sworn affidavits (D.Is. 30-3–30-6), the Delaware Department of Corrections (DOC) Inmate Grievance Policy (D.I. 30-1), and portions of Wright's deposition (D.I. 30-2). The DOC grievance policy covers "any condition or incident within the institution that affects the grievant," and requires an inmate to file a grievance within seven days of an incident. D.I. 30-1 at 2, 8. In his deposition on April 15, 2025, Wright repeatedly stated that he did not file a grievance regarding his claims against Defendants from either incident:

> Q: Okay. So you did not file a grievance related to the [December 2022] incident or the officers' reaction to the incident. Is that correct?
> A: No. I don't think so. It was the appeal. It was the appeal, the appeal to the disciplinary. That's what that was, yeah.
> Q: Okay. So instead of filing a grievance, you filed an appeal to your disciplinary report. Is that correct?
> A: Yes. Yes.

D.I. 30-2 35:10–21.

> Q: Okay. Did you file a grievance related to this incident on June 28th, 2023?
> A: Did I file a grievance for that? I don't think. No, I don't think I did. No.

3

> Q: Okay. Did you inform the unit commander—
> A: Did I file a grievance? I think— did I file a grievance? No. I put in medical slips for this. I put in medical slips.

D.I. 30-2 54:8–19.

## II.  LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the nonmoving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the nonmoving party's case, after which the burden of production then shifts to the nonmovant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989).

Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). A nonmoving party asserting that a fact is genuinely disputed must support such an

4

assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). The nonmoving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996).

## III. DISCUSSION

Although Defendants' motion is unopposed, I still must address the motion on its merits. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) ("[Failure to respond to a summary judgment motion] is not alone a sufficient basis for the entry of a summary judgment. There must, in addition, be a finding that judgment for the moving party is 'appropriate.'").

A.    The § 1983 Claims

Defendants argue that Wright's claims are barred because of his failure to exhaust administrative remedies at JTVCC. D.I. 30 at 4. The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The PLRA requires "proper exhaustion," meaning exhaustion of those administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 212 (2007); *West v. Emig*, 787 F. App'x 812, 814 (3d Cir. 2019); *see also Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."). Failure to exhaust administrative remedies must be pleaded and proved by the

6

defendant. *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

There is no factual dispute that Wright failed to exhaust his administrative remedies. "Although conclusory assertions are insufficient to survive a motion for summary judgment, such relief should be denied when there is a genuine issue of material fact on exhaustion." *Paladino v. Newsome*, 885 F.3d 203, 205–08 (3d Cir. 2018) (affirming grant of summary judgment on exhaustion when plaintiff offered only "a conclusory, self-serving affidavit[]"). Here, Wright included in his verified Complaint the legal conclusion that he had "exhausted his administrative remedies available to him," unsupported by any facts whatsoever. D.I. 1 ¶ 68. Further, Wright's own deposition testimony contradicts his Complaint's bare assertion that he exhausted administrative remedies. D.I. 30-2 35:10–21, 54:8–19, 56:24–57:4. Accordingly, under the PLRA, summary judgment on Wright's § 1983 claims for failure to exhaust administrative remedies is warranted.

### B. State Law Tort Claim

Wright included in his Complaint a claim under Delaware tort law. D.I. 1 ¶ 81. With the grant of summary judgment on the § 1983 claims for Defendants, there are no longer any pending federal claims in this action. A district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "In making

its determination, the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). Wright has failed to respond to the pending summary judgment motion and orders of the Court, including a show cause order for failure to prosecute this case. D.I. 36. Accordingly, I decline to maintain supplemental jurisdiction over the state law claim and will dismiss it, thereby closing this case.

## IV.   CONCLUSION

For the foregoing reasons, I will grant Defendants' motion for summary judgment with respect to Wright's § 1983 claims and will dismiss the state law tort claim.

The Court will issue an Order consistent with this Memorandum Opinion.